UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RHONDA EDWARDS                                                   PLAINTIFF

VERSUS                                      CIVIL ACTION NO.: 2:12cv116-KS-MTP

WAL-MART STORES, EAST, L.P.                                      DEFENDANT

## NOTICE OF 30(b)(6) DEPOSITION OF WAL-MART STORES, EAST, L.P.

TO:     Honorable W. Pemble Delashmet
        Honorable Ashley Griffin
        Delashmet & Marchand, P.C.
        Post Office Box 2047
        Mobile, AL 36652
            *Attorney for Defendant, Wal-Mart Stores, East, L.P.*

PLEASE TAKE NOTICE that the Plaintiff will take the deposition upon oral examination of LARRY BEAN, Store Manager, Wal-Mart Stores, East, L.P., Store #501, the designated 30(b)(6) representative, agent, or witness of the Defendant, WAL-MART STORES, EAST, L.P., both as a corporate designee and fact witness, and any other representatives of WAL-MART STORES, EAST, L.P., may designate pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on Friday, April 26, 2013, commencing at 10:00 a.m., at the offices of Len Melvin, 1906 Hardy Street, Hattiesburg, Mississippi, 39403, before a Court Reporter or some other officer duly authorized to administer oaths.  In accordance with Rule 30(b)(6), Defendant is requested to present one or more officer, officials, agents, or other persons as may be necessary who consent to testify on its behalf, concerning the following:

1.     The current employment status and any disciplinary action taken against any employees of Defendant that worked at the subject premises or performed any work which relates to the allegations of the Complaint.

2.    All matters related to the location, storage and chain of custody of any and all any and all surveillance tapes, videos or photographs taken of the accident or the scene of the incident.

3.    Identify the name and address of each and every person known to you or your attorney who has knowledge or any fact or occurrence relevant to this action and the claims, allegations and defenses raised herein, stating their names, addresses, telephone numbers and the facts of which they have knowledge.

4.    Identify all of Defendant's employees who were witnesses, in person, by video or camera surveillance to "the incident" which occurred on May 28, 2010, when the Plaintiff slipped and fell at the Defendant's establishment in Laurel, Mississippi.

5.    Identify all of Defendant's agents, employees or contractors who had any involvement in "the incident" as a witness, cleaning personnel, investigator, security officer or employee, medical provider, photographer, videographer, or in any other capacity; and for each such agent, employee or contractor, the details of the involvement of each of them, specifying the employment position, the factual observations, and what each of them actually did at the scene when the Plaintiff.

6.    Identify whether any of Defendant's employees, agents or contractors generated any written reports of "the incident;" and if so, who generated the report, to whom was it addressed and who has the present custody and control of the same identifying all such persons by name, address and telephone number and position, employment or relationship with Defendant.

7.    Were any surveillance tapes, videos or photographs taken of the accident or the scene of the incident at the time of the accident or thereafter; and if so, by what means or by

whom were the same taken specifying as to each whether the same was a video, surveillance tape or photograph and identifying such person by name, address and position or relationship with Defendant. Please also identify the person by name and address who has the present custody and control of same.

8.  Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

9.  Were any statements made by the Plaintiff unto you, or by you unto the Plaintiff regarding any issues of this litigation which are relevant and material to the issues, and on which you rely at trial or otherwise attempt to tender into evidence?  If so, please state what was said by each party, the time and place of each such statement, and the name, address and telephone number of all persons present and participating in the conversation in which each such statements were made, whether these statements were recorded or written and the custody of the statement and the location of the same.

10.  State a detailed, narrative account of the incident which is the subject of this lawsuit, together with all actions taken by you, or any of your employees or representatives, and by the Plaintiff immediately before, during, and after said incident, covering that time span commencing approximately five minutes prior to the incident, and concluding with the removal of the Plaintiff from the scene of the incident; including, but not limited:  the, position, and location of the incident; whether anyone employed by you was witness to the incident, and if so, please state their depiction of the occurrences surrounding the incident in question; and any other information known unto your employees regarding the actual occurrence of this incident.

11.     State the policies and procedures which direct employees in inspecting, clearing and removing debris and spills from the floor at the Defendant's establishment in Laurel, Mississippi.

12.     Identify each and every person or entity that you contend is, or may be, liable in whole or in part for the claims asserted against you in the lawsuit? If so, identify the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your intention.

13.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, identify the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

14.     Identify each and every fall, slip and fall, accident or incident that occurred on May 28, 2010, other than the Plaintiff, at the Defendants establishment in Laurel, Mississippi, and, for each fall, slip and fall, accident or incident, please identify, the individual(s) involved; time of accident; location or department of accident; description or nature of the accident; how and why the fall, slip and fall, accident or incident occurred; witnesses; nature of any claims filed against the Defendant because of the accident, and if so, the parties involved; status of the case, county and court in which the case is currently filed.

Pursuant to Rule 30(b)(6) and Rule 30(b)(5) in compliance with Rule 34 of the Federal Rules of Civil Procedure, the designee or designees for Defendant under 30(b)(6) are also requested to produce the following documents at the deposition:

15.     Any and all write-up slips issued to all employees regarding the accident.

16.     Any and all surveillance cameras recordings or tape recordings, photographs or video made or taken of "the incident" that occurred on May 28, 2010, in the Defendant's establishment in Laurel, Mississippi. Included in this request is all surveillance video showing the accident scene where "the incident" occurred for a time period of two (2) hours up to the time of the said "the incident."

17.     Any and all documents, photographs, videos, recordings, and any and all other substantive material which you intend to present as evidence in the trial of this matter.

18.     Any and all documents, pictures, videos, and any and all other substantive evidence that is in any way connected with any defense raised by you to the Complaint or in any way connected with any defense to be raised by you concerning the Complaint.

19.     Any and all recorded statements whether video, audio, or other describing the accident in question which you have in your possession

20.     Any and all accident report prepared on the accident in question including but not limited to reports prepared for or by any law enforcement agency or insurance company.

21.     Any and all statements of the Plaintiff or witnesses to "the incident" taken by any employee, agent or contractor of the Defendant.

22.     Any and all reports generated by any employee, agent or contractor of the Defendant.

23.     Any and all manuals, policies and procedures which direct employees in inspecting, cleaning and removing debris and spills from the floors at the Defendant's establishment in Laurel, Mississippi.

24.     Any and all written statements, videotapes and or recordings of any and all statements given or taken by any party or non-party acting on behalf of the defendant pertaining to

the accident, which same have a bearing on any facts/ liability/ damages suffered by the Plaintiffs. If you contend that this is privileged information, then identify the individuals from who you have taken statements and where they are being kept.

25.    Any and all statements of the Plaintiff gathered on behalf of the Defendant by any agent or representative, i.e. private investigator, acting on behalf of the Defendant.

26.    Any and all reports and/ or videotapes of the Plaintiff that private investigators will testify about at the trial of this matter.

27.    Any and all photographs or videotapes that you have of the Plaintiff.

28.    Any and all statements given by the Plaintiff or any witness or any other individual interviewed on behalf of the Defendant.

29.    Any and all accident or incident reports or paper generated reports of any other slip or fall accidents that occurred on May 28, 2013, other than the Plaintiff, at the Defendants establishment in Laurel, Mississippi, with said reports to include any and all witness statements, employee statements, photographs, videos, recordings, and any and all other substantive materials.

This, the 20th day of March, 2013.

RHONDA EDWARDS, Plaintiff

BY:    /s/ Len Melvin
       LEN MELVIN, Attorney for Plaintiff

LEN MELVIN (MSB #2864)
CHASE FORD MORGAN (MSB #103311)
Counsel for Plaintiff
Post Office Box 221
Hattiesburg, MS 39403-0221
Phone: (601) 583-1990
Fax:  (601) 583-1995
E-mail: lenmelvinlaw@aol.com
E-mail: chase@lenmelvinlaw.com

## CERTIFICATE OF SERVICE

I, Len Melvin, counsel for Plaintiff, do hereby certify that I have this day electronically filed the foregoing *Notice of 30(b)(6) Deposition of Wal-Mart Stores, East, L.P.* with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Honorable W. Pemble Delashmet
> Honorable Ashley Griffin
> Delashmet & Marchand, P.C.
> Post Office Box 2047
> Mobile, AL 36652
> > *Attorney for Defendant, Wal-Mart Stores, East, L.P.*

This the 20th day of March, 2013, A.D.

/s/ Len Melvin
LEN MELVIN