## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**RHONDA EDWARDS**                                                                            **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO. 2:12-CV-116-KS-MTP**

**WAL-MART STORES EAST, L.P.**                                   **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Defendant's Motion to Exclude [42] certain testimony by Dr. Susi Folse.

### A. Background

This is a slip-and-fall case. Defendant seeks to exclude certain opinions from one of Plaintiff's experts, Dr. Susi Folse. Plaintiff designated Folse as an expert in the field of Physical Medicine and Rehabilitation. Folse performs non-surgical orthopedic treatment, but when patients do not respond to her treatment and may benefit from surgery, she consults with a surgeon. After conferring with the surgeon, Folse may refer the patient for surgery.

Folse treated Plaintiff for several years. Believing that surgery would benefit Plaintiff's condition, Folse referred her to Dr. Richard Conn, an orthopedic surgeon and Plaintiff's other expert witness. Conn agreed with Folse's opinion that Plaintiff would benefit from surgery. Both doctors believe that Plaintiff will require a total knee replacement at some point in the future.

Defendant has challenged the following opinions offered by Folse: 1) that

Plaintiff will require a knee replacement in the future, and 2) that a knee replacement will cost approximately $30,000.00. Defendant argues that Folse – who is not an orthopedist or orthopedic surgeon – is not qualified to offer an opinion as to the necessity of a surgical procedure that she can not perform.

### B.   *Discussion*

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. Expert testimony "serves to inform the jury about affairs not within the understanding of the average man." *United States v. Moore*, 997 F.2d 55, 57 (5th Cir. 1993). Therefore, "[a] district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). A proposed expert does not have to be "highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Id.* The Court's job is not to determine whether one expert is more qualified than another, "but rather, whether an expert's testimony is reliable." *Huss v. Gayden*, 571 F.3d 442, 455 (5th Cir. 2009).

### 1.   *The Necessity of Future Surgery*

Defendant first argues that Folse is not qualified to provide an opinion as to

whether Plaintiff will require knee replacement surgery. The record demonstrates that Folse sometimes has patients who do not respond to conservative treatments. At that point, she consults with a surgeon to determine whether surgery would benefit them. According to her testimony, the surgeon relies – to some degree – on her medical opinion in forming his own opinion.

If Folse is qualified to determine whether a patient should be referred to a surgeon, then the Court believes she is qualified to provide an opinion as to whether surgery is necessary. In fact, Defendant admitted in briefing that Folse "certainly could have a medical opinion about" the necessity of surgery. Defendant essentially argues that Folse's medical opinion should be excluded because she is not a specialist. The Fifth Circuit has rejected such arguments. *See Huss*, 571 F.3d at 455-56 (expert's education and knowledge were sufficient to qualify him as an expert; he did not need to be a specialist). As noted above, "[d]ifferences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Wilson*, 163 F.3d at 937. Defendant, therefore, will be free to explore Folse's qualifications in detail during cross-examination.

Defendant also suggested in its reply brief that either Folse's or Conn's testimony as to the future necessity of knee replacement surgery should be excluded as needlessly cumulative. FED. R. EVID. 403. It is the practice of this Court to "refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008). The Court declines, therefore, to consider this argument.

### 2. *The Cost of Surgery*

Defendant argues that Folse is not qualified to testify as to the cost of knee replacement surgery because she is not qualified to testify as to the necessity of surgery. The Court ruled that Folse is qualified to testify as to the necessity of surgery, and it rejects this argument.

### C. *Conclusion*

For the reasons stated above, the Court **denies** Defendant's Motion to Exclude [42] certain testimony of Dr. Susi Folse.

SO ORDERED AND ADJUDGED this 19th day of July, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE